IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01351-WJM-KLM

1260 EAST COLFAX AVENUE, LLC, an Oregon limited liability company,

　　Plaintiff,

v.

HYUNG KEUN SUN,

　　Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on **Plaintiff's Motion for Entry of Default Judgment** [Docket No. 20; Filed September 13, 2011] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for recommendation [Docket No. 21].  For the reasons set forth below and after review of the entire record, the Court **RECOMMENDS** that the Motion be **GRANTED**.

### I. Factual and Procedural Background

　　Plaintiff is a limited liability company located in Hillsboro, Oregon.  *Compl.*, Docket No. 1 at 1.  Defendant is an individual presumably residing in Castle Rock or Highlands Ranch, Colorado.  *Id.*; *see also Motion*, Docket No. 20 at 3 (Certificate of Service).  The present dispute arises from a loan issued by Plaintiff's predecessors-in-interest to Defendant in the amount of $1,050,000.00.  [#1] at 2.  Plaintiff attests that the loan facilitated Defendant's "purchase of a retail property and improvements located at 10260

East Colfax Ave., Aurora, CO 80010." *Id.* The loan and its accompanying terms were memorialized in a Note. [#1-1]. Plaintiff contends that Defendant did not comply with the Note's payment terms, thus it is now entitled to a judgment against Defendant in the amount of $721,102.81, plus interest at a rate of $196.35 per diem. [#20] at 2. Plaintiff additionally asserts that it is entitled to recover post-judgment interest at the Colorado state statutory rate of 10.50% annually. *Id.*

Plaintiff initiated this lawsuit on May 23, 2011. [#1]. Plaintiff filed two returns of service on the docket. [##8, 9]. In the first return, the process server declared that Defendant was served in Los Angeles, California, by the process server's delivery of the relevant documents to Defendant's "co-occupant" Mina Kim. [#8]. The second return indicates that Defendant was served at a residential address in Highlands Ranch, Colorado (located in Douglas County), by personal delivery of the relevant documents to Defendant's wife, Yeonam Kim Sun. [#9]. Two answer dates were scheduled in relation to the two returns of service, as July 18, 2011 and August 22, 2011, respectively. To date, Defendant has not answered or otherwise responded to the Complaint, nor has he moved the Court for an extension of time in which to do so, or contacted the Court in any way whatsoever.

In light of Defendant's failure to timely answer or otherwise respond to the Complaint, Plaintiff moved for the entry of default on September 9, 2011. [#15]. The Clerk of Court entered default as to Defendant on September 13, 2011. [#18]. The Clerk mailed the entry of default to Defendant at the Los Angeles, California, and Highlands Ranch and Castle Rock, Colorado addresses identified by Plaintiff. [##18, 19]. Plaintiff filed the Motion at issue on September 13, 2011.

## II. Analysis

Pursuant to Fed. R. Civ. 55, default may enter against a party who fails to appear or otherwise defend the case brought against him. However, even after an entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

### A. Jurisdiction

In determining whether the entry of default judgment is warranted here, the Court must first consider whether the Court has subject matter and personal jurisdiction. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Williams*, 802 F.2d at 1203.

Based on the allegations of the Complaint, the Court finds that it may exercise subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a), which governs diversity jurisdiction. The amount in controversy exceeds $75,000, and Plaintiff and

Defendant are citizens of different states: Oregon and Colorado (or, California).[1]  *See* [#1].

Plaintiff bears the burden of establishing personal jurisdiction.  *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials."  *Dennis Garberg & Assoc., Inc.*, 115 F.3d at 773.  Here, pursuant to the Complaint and Motion at issue, Defendant is a citizen of Colorado, with an address in Castle Rock, Colorado, and in Highlands Ranch, Colorado.  His Colorado residency is corroborated by the fact that service was effected on Defendant via his wife at the Highlands Ranch, Colorado address.  Moreover, the Note itself provides that Defendant, as the borrower, "irrevocably submits to the jurisdiction of any state or federal court in the State where the property is located . . . ."  [#1-1] at 8.  *E.g., Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("[J]urisdiction over a party may be conferred upon a court by contractual agreement of the parties." (citation omitted)).  The property at issue is located in Aurora, Colorado.  [#1] at 2.  Accordingly, the Court concludes that it may exercise personal jurisdiction over Defendant.  For these reasons, the Court recommends finding that subject matter and personal jurisdiction are satisfied in this matter.

### B. Entry of Default

As a threshold issue, the Court examines whether default was entered properly in this case against Defendant.  Pursuant to the later-filed return of service, the deadline for

---

[1] As further explained below, in making a recommendation on a motion for default judgment, the Court accepts the well-pled allegations of Plaintiff's Complaint as true.  *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted).

Defendant to answer or otherwise respond to Plaintiff's Complaint was August 22, 2011. [#9]. Defendant did not answer or otherwise respond, nor did Defendant request an extension of time in which to do so. Pursuant to Fed. R. Civ. P. 55(a), Defendant has failed to plead or otherwise defend the lawsuit against him. Accordingly, the Court recommends that the entry of default against Defendant be approved.

### C. Default Judgment

After confirming the propriety of the entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *See id.* at *2.

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true. *Id.* at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.* When assessing damages, however, the Court must establish the amount that the moving party is entitled to recover. *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Whether to conduct a hearing for the purpose of ascertaining damages is discretionary; the Court need not conduct a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Held v. Shelter Sys. Group Corp.*, No. 93-1225, 1994 WL 47157, at *1 (10th Cir. 1994) (unpublished) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770

F.2d 145, 148 (10th Cir. 1985)).

### 1. Choice of Law and Breach of Contract

The Notice includes a choice-of-law provision, which prescribes that "[t]he law of the state where the Property is located shall govern the validity, interpretation, construction and performance of this Note." [#1-1] at 8. Therefore, the Court applies Colorado law to Plaintiff's single claim against Defendant, which alleges breach of contract.

Pursuant to Colorado law, "a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Harper v. Mancos Sch. Dist. RE-6*, No. 10-cv-01115-WJM-CBS, 2011 WL 3426211, at *3 (D. Colo. Aug. 5, 2011) (citing *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). In establishing the existence of a contract, a party must show that the contract was properly formed. Contract formation requires "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Black Educ. Network, Inc. v. AT&T Broadband, LLC*, 154 F. App'x 33, 48 (10th Cir. 2005) (quoting *Indus. Prods. Int'l, Inc. v. EMO Trans, Inc.,* 962 P.2d 983, 988 (Colo. App. 1997)).

In its Complaint, Plaintiff explains that the contract at issue is the Note, and the Note "was secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing," dated November 5, 2007, and issued from Defendant to Standard Insurance Company. [#1] at 2. These documents, referred to collectively as the "Deed of Trust," were then assigned to Plaintiff. *See* [#1-4]. Once Defendant failed to meet his obligations pursuant to the Note by making monthly payments against the full loan amount, "Plaintiff's

predecessors-in-interest initiated a receivership action." [#1] at 3. The predecessors-in-interest collected rents from the property at issue, and eventually initiated foreclosure proceedings. *Id.* On March 30, 2011, the Colorado Public Trustee for Arapahoe County sold the property. *Id.* The proceeds of the foreclosure sale as well as the receivership were credited against the unpaid balance of the Note, leaving a balance due of $682,542.69. *Id.*

The Court finds that the elements of a breach of contract claim are properly pled by Plaintiff. The Note constitutes the contract at issue, and the Court observes that the Note was signed by Defendant. *See* Colo.Rev.Stat. § 4-3-308 ("In an action with respect to an instrument, the authenticity of and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."). As to legal consideration, in Colorado, the standard for finding consideration is not high. *See Western Fed. Sav. & Loan Ass'n of Denver v. Nat'l Homes Corp.*, 445 P.2d 892, 897 (Colo. 1968) ("A benefit to the promisor or a detriment to the promisee can constitute consideration, however slight."). The collective documents constituting the Deed of Trust serve as the necessary consideration to satisfy the first element of a breach of contract claim.

Further, Plaintiff has established the other three elements of its breach of contract claim. Plaintiff performed its obligations according to the terms of the agreement, as its predecessor-in-interest loaned Defendant funds in accordance with the Note. Defendant failed to perform his obligations stated in the Note by failing to make payments in accordance with the Note's terms. Finally, Plaintiff incurred damages in the form of unpaid amounts due from Defendant. Thus, default judgment should be entered against Defendant on Plaintiff's claim asserting breach of contract.

**2. Damages**

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In the Complaint, Plaintiff requests the balance due on the Note (after the foreclosure sale and receivership proceeds have been applied), in the amount of $682,542.69. [#1] at 4. Plaintiff further requests interest pursuant to the terms of the Note at the rate of $196.35 per diem, accumulated to the date that judgment is entered. *Id.* Plaintiff also seeks its attorneys' fees and costs pursuant to the Note and post-judgment interest. *Id.*

Given this Court's conclusion that Plaintiff is entitled to default judgment against Defendant as to its single claim asserting breach of contract, the Court recommends that Plaintiff be awarded its full request for relief. Notably, "[a]lthough upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." *Dundee Cement Co.*, 722 F.2d at 1323. Here, Plaintiff's request is correctly calculated. The original amount in the Note was $1,050,000.00. [#1-1] at 1. At the time of the foreclosure sale, the amount due (considering interest) was $1,382,542.69. [#1-5]. That amount less the proceeds from the foreclosure sale, $675,000.00, and the receivership, $25,000, is $682,542.69. The Note contemplates interest on the amount due; pursuant to Plaintiff's representations in its Motion, default interest accrued from the date of the foreclosure sale on March 30, 2011, through the date of September 6, 2011 (161 days), in the amount of $31,612.35, and from September 7, 2011 in the amount of $196.35 per diem until the entry of judgment. [#20] at 2. The Court agrees with these calculations and concludes that Plaintiff is entitled to $714,155.04, plus interest at a per diem rate of $196.35 commencing on September 7,

2011, through the date of an order entering judgment in this matter.

Regarding Plaintiff's request for attorneys' fees and costs, the Court finds that the Note indeed provides for an award of fees and costs incurred by Plaintiff in connection with any judicial (or non-judicial) action related to collecting the amount due pursuant to the Note. [#1] at 7. Plaintiff asserts that it has incurred $6,947.77 in connection with this action. [#20] at 2. Upon review of the invoices submitted by Plaintiff, the Court finds that this amount is appropriate and supported. *See* [#20-3] (costs in the amount of $850.44); [#20-4] (fees for one attorney in the amount of $4,979.52); and [#20-5] (fees for a second attorney in the total sum of $1,117.81).

Regarding Plaintiff's request for post-judgment interest, Plaintiff seeks the statutory rate prescribed by Colorado state law. "A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *See Strickland Tower Maint., Inc. v. AT & T Commc'ns, Inc.*, 128 F.3d 1422, 1429 (10th Cir. 1997). "But even in cases founded on diversity jurisdiction, the post-judgment interest rate on a federal court judgment is established by federal law, not state law." *In re Riebesell*, 586 F.3d 782, 794 n.11 (10th Cir. 2009). Therefore, the Court recommends an award of post-judgment interest pursuant to federal law, as opposed to Colorado state law.

### III. Recommendation

Accordingly, for the reasons stated above and the entire record herein, the Court respectfully **RECOMMENDS** that **Plaintiff's Motion for Entry of Default Judgment** [Docket No. 20; Filed September 13, 2011] be **GRANTED**.

The Court **RECOMMENDS** that judgment be entered in favor of Plaintiff in the following amounts:

$714,155.04, plus interest at a per diem rate of $196.35 commencing on September 7, 2011, through the date of an order entering judgment in this matter;

$6,947.77 in attorneys' fees and costs; plus

Post-judgment interest at a rate provided for by federal law.

IT IS **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. CDOC*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 10, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge